### BENNET v. LEVY.

(Supreme Court, Appellate Term. December 12, 1907.)

WORK AND LABOR—ACTIONS—JUDGMENT.

Where, in an action on an assigned claim for work done and materials furnished, the defendant admitted part of the debt sued for, a judgment for defendant was erroneous.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Henry Bennet against Moses Levy. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Laurence L. Driggs, for appellant.
Max L. Steuer, for respondent.

PER CURIAM. The action is on an assigned claim for work done and materials furnished of the alleged value of $496. The answer admits a debt amounting to $82. The justice gave judgment for defendant. Plaintiff appeals. At the end of the case the court said, "The judgment of the court is clearly for the defendant." The plaintiff's counsel then said, "There is a concession on the record of $82." The defendant's counsel then said, "We admit $82." To this admission the court replied, "Eighty-two dollars then would be the amount for the plaintiff." In spite, however, of the admission in the answer and at the trial that defendant owed $82, the court gave judgment for defendant, with $30 costs. The judgment is clearly against the evidence, and must be reversed. The articles in question consisted of a fur coat, muff, and hat made and delivered to the defendant by the plaintiff's assignor. It is the contention of the defendant that said articles were delivered upon the order of one Semel, and that the transaction fixed no liability upon defendant to the plaintiff's assignor, and that at the time of the alleged assignment to plaintiff the assignor had no claim against the defendant. There is considerable conflict of testimony upon the main issue. Upon another trial the dates of the sev-

eral conversations detailed should, if possible, be more definitely fixed, in order that the relation of oral to the documentary testimony may be accurately determined. A new trial must be ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.